USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/3/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALE GILMORE,

                             Plaintiff,

                 -against-

SGT. JACKSON, et al.,

                            Defendants.

7:24-CV-8614 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff Dale Gilmore, who is currently incarcerated in the Elmira Correctional Facility, brings this action *pro se* alleging that the defendants have violated his federal constitutional rights, and he seeks damages. The Court understands Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under Title VI of the Civil Rights Act of 1964 ("Title VI"). Plaintiff's claims arise from events that allegedly occurred in the Sing Sing Correctional Facility ("Sing Sing"), a New York State Department of Corrections and Community Supervision ("DOCCS") prison located in Ossining, New York, and in the Marcy Correctional Facility ("Marcy"), a DOCCS prison located in Marcy, New York. Plaintiff sues: (1) Sing Sing Correctional Sergeant Angela Jackson; (2) Sing Sing Correctional Officer Marvin Staten; (3) seven additional unidentified Sing Sing Correctional Officers, "John Doe #1" through "John Doe #7"; and (4) Marcy Registered Nurse Georgia M. Hall.

By order dated November 20, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court: (1) adds DOCCS as defendant in this action, pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Rule 21");

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2) directs service on Jackson, Staten, Hall, and DOCCS; (3) directs Jackson, Staten, Hall and

DOCCS to comply with Local Civil Rule 33.2; and (4) directs the New York State Attorney

General to provide the Court and Plaintiff with the identities, badge numbers, and service

addresses of the unidentified "John Doe" defendants.

## DISCUSSION

### A.    Adding DOCCS as a defendant

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or

drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591,

618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of

efficiency and justice."). Under this rule, courts have added an individual as a defendant in an

action, though that individual is not named as a defendant in the complaint, because he or she is

mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged

events. *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723 (KMK), 2020 WL

1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 1:19-CV-5909

(VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019). A court may also add a party to an

action, under Rule 21, when it is clear that the plaintiff intended to name that party as a

defendant, but inadvertently failed to so. *See Fullewellen v. City of New York*, No. 21-CV-7219

(MKV), 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal

Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition

of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake

or for some other reason, had not been made a party and whose presence as a party is later found

necessary or desirable.").

In his complaint, Plaintiff alleges that all of the events that are bases for his claims

occurred in DOCCS facilities – in Sing Sing and in Marcy – and it appears that all of the

individual defendants whose alleged actions are the bases for his claims, including Hall, are

DOCCS employees. Liberally construing the complaint, the Court understands that Plaintiff is

asserting claims of race discrimination under Title VI, arising from the alleged actions of Hall, a

nurse employed by DOCCS at Marcy. But because the proper defendant for a claim under Title

VI is the entity that receives federal funding, not an individual, *see* 42 U.S.C. § 2000d; *see also*

*Barker v. Women In Need, Inc.*, No. 1:20-CV-2006 (LLS), 2020 WL 1922633, at *3 (S.D.N.Y.

Apr. 20, 2020), it appears that the proper defendant for such claims is DOCCS, Hall's employer,

not Hall herself. In light of Plaintiff's *pro se* status and his allegations, the Court understands

Plaintiff's complaint as additionally asserting claims under Title VI against DOCCS.

Accordingly, the Court directs the Clerk of Court to add DOCCS as a defendant in this action,

under Rule 21. The addition of DOCCS as a defendant is without prejudice to any defenses that

DOCCS may wish to assert.

## B.    Service on Jackson, Staten, Hall, and DOCCS

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on

assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2]

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The

officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3)

(the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Jackson, Staten, Hall and DOCCS, the Clerk of

Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have effected service until the Court reviewed the complaint and ordered that any
summonses be issued. The Court therefore extends the time to serve until 90 days after the date
that any summonses issue.

each of those defendants. The Clerk of Court is further instructed to issue a summons for each of those defendants, and deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and complaint on each of those defendants.

If a summons and the complaint is not served on each of those defendants within 90 days after the date that the summonses for those defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Jackson, Staten, Hall, and DOCCS must serve responses to those standard discovery requests. In their responses, those defendants must quote each request verbatim.[3]

**D.     Unidentified "John Doe" Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and a defendant's proper service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to allow

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

DOCCS to provide the identity, badge number, and service address of each of the unidentified "John Doe" defendants; they are those Correctional Officers who were assigned to Sing Sing on August 5, 2024, and were present with Jackson and Staten in Sing Sing's draft room, on that date, when Jackson ordered Plaintiff to remove Plaintiff's clothing. It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity, badge number, and service address of each the unidentified "John Doe" defendants. The Attorney General must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming each of the newly identified individuals as a defendant and providing his or her badge number and service address. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants and directing their compliance with Local Civil Rule 33.2.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to add the New York State Department of Corrections and Community Supervision ("DOCCS") as a defendant in this action. *See* Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to: (1) issue summonses for Defendants Jackson, Staten, Hall, and DOCCS; (2) complete USM-285 forms with the service addresses for each of those defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint on each of those defendants to the USMS.

5

The Court additionally directs Defendants Jackson, Staten, Hall, and DOCCS to comply with Local Civil Rule 33.2 within 120 days of the date of service.

The Court directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:    January 3, 2025
      White Plains, New York

                               NELSON S. ROMÁN
                            United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Correctional Sergeant Angela Jackson
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

2. Correctional Officer Marvin Staten
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

3. Georgia M. Hall, Registered Nurse
   Marcy Correctional Facility
   P.O. Box 5000
   Marcy, New York 13403-5000

4. The New York State Department of Corrections and Community Supervision
   The Harriman State Campus
   1220 Washington Avenue, Building 9
   Albany, New York 12226

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                                State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____