USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALE GILMORE,

Plaintiff,

-against-

SGT. JACKSON, et al.,

Defendants.

7:24-CV-8614 (NSR)

SUPPLEMENTAL ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff Dale Gilmore, who is currently incarcerated in the Elmira Correctional Facility, brings this action pro se alleging that the defendants have violated his federal constitutional rights, and he seeks damages. The Court understands Plaintiff's Third Amended Complaint ("TAC") as asserting claims under 42 U.S.C. § 1983. Plaintiff's claims arise from events that allegedly occurred in the Sing Sing Correctional Facility ("Sing Sing"), a New York State Department of Corrections and Community Supervision ("DOCCS") prison located in Ossining, New York, and in the Fishkill Correctional Facility ("Fishkill"), a DOCCS prison located in Beacon, New York. Plaintiff sues: (1) Sing Sing Correctional Sergeant Angela Jackson; (2) Sing Sing Correctional Officer Marvin Staten; (3) Sing Sing Correctional Officer Tafari Smith, (4) five additional unidentified Sing Sing Correctional Officers, "John Doe #1" through "John Doe #5"; (4) Fishkill Superintendent Michael Daye, (5) Fishkill Correctional Officer Edwards; (6) Fishkill Correctional Officer Maxwell, (7) Fishkill Sergeant Simpson; (8) Fishkill Correctional Officer White; and (9) three additional unidentified Fishkill Correctional Officers, "John Doe #1" through "John Doe #3". The New York Attorney General's Office ("OAG") has represented they will move to sever the instant action. (ECF No. 44.)

By order dated November 20, 2024, the court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. The Court: (1) directs that Georgia Hall be removed as a defendant in this action, (2) directs service on Defendant Smith; (3) directs Defendant Smith to comply with Local Civil Rule 33.2; and (4) directs the New York State Attorney General to provide the Court and Plaintiff with the identities, badge numbers, and service addresses of the unidentified Sing Sing "John Doe" defendants. In light of OAG's representation that they will move to sever the instant action pursuant to Federal Rule of Civil Procedure 21, the Court will defer issuing an Order of Service for the Fishkill Defendants until it has ruled on Defendants' anticipated motion to sever.

## DISCUSSION

### A. Terminating Georgia Hall as a Defendant

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. An amended complaint ordinarily supersedes the original complaint and renders it of no legal effect. *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998). In the TAC, Plaintiff merely names Georgia Hall as a Defendant in the case caption, but does not state any allegation against her throughout the TAC. (ECF No. 37.) The Court previously instructed Plaintiff that "[t]he [Third Amended Complaint] will replace, not supplement, the prior one and must include all claims Plaintiff seeks to pursue. Any newly named defendant must also be served." (ECF No. 33.) Accordingly, the Court directs the Clerk of Court to remove Georgia Hall as a defendant in this action, under Rule 21.

### B. Service on Tafari Smith

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult,* 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Smith through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Smith. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Smith. If the complaint and appendix are not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

days of service of the complaint, Defendant Smith must serve responses to those standard discovery requests. In their responses, those defendants must quote each request verbatim.[2]

**D. Unidentified "John Doe" Defendants**

Under *Valentin v. Dinkins,* a pro se litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and a defendant's proper service address. 121 F.3d 72, 76 (2d Cir. 1997). In the TAC, Plaintiff supplies sufficient information to allow DOCCS to ascertain the identities, badge numbers, and service addresses of the unidentified "John Doe" Defendants. The unidentified "John Doe" Defendants include those Correctional Officers who were present during the alleged assault at Sing Sing on August 5, 2024. Accordingly, the Court finds that Plaintiff has provided sufficient identifying information to permit DOCCS to ascertain the identities of these Defendants.

It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity, badge number, and service address of each the unidentified Sing Sing "John Doe" Defendants. The Attorney General must provide this information to the Court and to Plaintiff within 60 days of the date of this order. Within 30 days of receiving this information, Plaintiff must file an amended complaint naming each of the newly identified individuals as a defendant and providing his or her badge number and service address. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants and directing their compliance with Local Civil Rule 33.2.

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of the Court to terminate Georgia Hall as a Defendant.

The Court further directs the Clerk of Court to (i) issue summons for Defendant Smith; (2) complete the USM-285 form with the address for Defendant Smith, and (3) deliver all documents necessary to effect service of a summons and the complaint on Defendant Smith to the USMS.

The Court additionally directs Defendant Smith to comply with Local Civil Rule 33.2 within 120 days of the date of service.

The Court directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005. The Attorney General must provide identifying information of the unidentified Sing Sing Defendants to the Court and to Plaintiff within 60 days of the date of this order.

SO ORDERED.

Dated: November 5, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Tafari Smith
   354 Hunter Street
   Ossining, NY 10562

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_______________________________________________

_______________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________
Dated Plaintiff's Signature

First Name Middle Initial Last Name

Prison Address

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ________________